NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3214
_____

SHEILA NELSON-COLE,
Appellant

v.

GERMAN YAKUBAR; BANK OF AMERICA; EDUARD BENOFF; BENOFF LAW
FIRM; SENTEX SETTLEMENT COMPANY; BANK OF AMERICA
CORPORATION; LOUELLA GRAY; CHRISTINE SHUR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-04575)
District Judge:  Honorable Joshua D. Wolson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 18, 2025)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Sheila Nelson-Cole appeals pro se from the District Court's order dismissing her complaint under 28 U.S.C. § 1915(e)(2)(B). We will affirm.

Nelson-Cole's complaint asserts a due process claim against defendants German Yakubar, Eduard Benoff, Benoff Law Firm, Sentex Settlement Company, Bank of America Corporation, Louella Gray, and Christine Shur. That claim appears to arise from her dissatisfaction with the handling of two different lawsuits she filed in the Philadelphia Court of Common Pleas against these defendants. The District Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B). It construed Nelson-Cole's due process claim as one brought under 42 U.S.C. § 1983 and dismissed it with prejudice because none of the defendants are state actors. It also declined to exercise supplemental jurisdiction over any possible state law claims and dismissed them without prejudice. Nelson-Cole timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B) is plenary, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we review a decision not to exercise supplemental jurisdiction for abuse of discretion. Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999). To survive dismissal, a complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and we construe Nelson-Cole's filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

2

We agree with the District Court that Nelson-Cole's complaint failed to plead that the defendants were state actors for § 1983 purposes. To state a claim under § 1983, Nelson-Cole was required to allege that the defendants, while acting under color of state law, deprived her of a federal constitutional right. See Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005). As the District Court explained, none of Nelson-Cole's allegations suggest that any of the defendants qualify as state actors.

We also discern no abuse of discretion in the District Court's decision not to exercise supplemental jurisdiction over any possible remaining state law claims. See 28 U.S.C. § 1367(c)(3); see also Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017). And given the nature of Nelson-Cole's filings in the District Court and in this Court, we conclude that providing leave to amend the complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm the District Court's judgment.

3